IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN CRAIG KELLY AND JACK CLARK,
individually and on behalf of others similarly situated,

               OPINION and ORDER

      Plaintiffs,

               08-cv-401-bbc

   v.

BLUEGREEN CORPORATION,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a proposed collective action brought by sales representatives of a nationwide business, defendant Bluegreen Corporation. Plaintiffs allege that defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, by failing to pay its sales representatives overtime and minimum wages and willfully misclassifying them as "exempt" from overtime and minimum wage requirements.

Defendant has filed a motion to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), which allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20

1

(7th Cir. 1986); see also Roberts & Schaefer Co. v. Merit Contracting, Inc., 99 F.3d 248, 254 (7th Cir. 1996) (question is whether plaintiff's interest in choosing forum is outweighed by either convenience concerns of parties and witnesses or interest of justice). To determine whether transfer is appropriate, the convenience of the parties and the interests of justice should be considered in the context of other considerations, such as the situs of material events, ease of access to sources of proof and plaintiff's choice of forum. Coffey, 796 F.2d at 219 n.3; Harley-Davidson, Inc. v. Columbia Tristar Home Video, Inc., 851 F. Supp. 1265, 1269 (E.D. Wis. 1994); Kinney v. Anchorlock Corp., 736 F. Supp. 818, 829 (N.D. Ill. 1990).

In support of its motion to transfer, defendant contends that this plaintiff's choice of forum deserves no deference; that this forum is only somewhat convenient for plaintiffs; that the Southern District of Florida provides a much more convenient forum for defendant and its witnesses; and that transfer to that district would serve the interests of justice because delay would be minimal and the Southern District of Florida is especially qualified to take on an FLSA case. I agree with defendant that most of the relevant factors weigh in favor of transferring this case to the Southern District of Florida. Plaintiffs have little reason to bring this proposed national collective action in this district; only one of them even has relevant ties to this district and neither actually resides in it. Moreover, defendant's headquarters is located in Boca Raton, Florida and several corporate witnesses with relevant information are

2

located there.  Finally, plaintiffs have brought this action in the hopes of representing a proposed national class; the potential class members and other potential witnesses are heavily concentrated in the southeast of the country.

However, the interest of justice analysis does not weighs heavily against transferring the case.  This analysis considers whether transfer promotes "systemic integrity and fairness," Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988) and "efficient administration of the court system," including whether transfer will help avoid duplicative lawsuits.  Coffey, 796 F. 2d at 221.  Under the present circumstances of this case, transfer would not promote the "interest of justice" because the likely delay created by transfer would prevent potential class members from having an opportunity to opt in to this action before the statute of limitations runs on their respective claims, thus increasing the likelihood that they would instead file their own lawsuits.

This case is a proposed collective action brought pursuant to the FLSA, which imposes a two-year statute of limitations (three years in the rare case in which willfulness can be shown).  29 U.S.C. § 255.  It is unlike a class action brought pursuant to Fed. R. Civ. P. 23, where the statute of limitations is suspended for potential class members, American Pipe & Construction v. Utah, 414 U.S. 538, 553-54 (1974).  In FLSA collective actions, potential class members have no shelter; to preserve their claims they must either file an opt-in consent form in a pending action or file a separate lawsuit before the statute of limitations

3

has run. 29 U.S.C. § 256.

Most of the 5,500 potential plaintiffs in the proposed national class will not likely receive notice of this suit until a court "conditionally certifies" the collective action and approves the form of notice to be distributed to the potential class members. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169-72 (1989). Under the present schedule, plaintiff's motion for certification is due on November 21, 2008 and will be ripe for review on December 17, 2008. Transfer to the Southern District of Florida would almost certainly delay conditional certification and distribution of notice to potential class members. The longer the delay in notice to potential class members, the more potential class members will lose their opportunity to opt in to this class before the statute of limitations runs on their claims. Such a risk of delay creates an unnecessary risk that a growing number of potential class members will have only the option of filing their own lawsuits. Defendant asserts that it would "stipulate" to keeping the same schedule in the transferee court; however, scheduling decisions are made by the transferee court, not defendant.

Upon weighing these factors, I conclude that transfer is inappropriate. Although the Southern District of Florida appears to provide a more convenient forum on the whole, transfer would create an unnecessary risk of multiplying lawsuits as the statute of limitations continues to tick without notice being given to potential class members of their opportunity to opt in to the lawsuit. Therefore, defendant's motion to transfer will be denied.

4

ORDER

IT IS ORDERED that defendant Bluegreen Corporation's motion to transfer venue to the United States District Court for the Southern District of Florida, dkt. #13, is DENIED.

Entered this 19th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge