IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN CRAIG KELLY and JACK CLARK,
individually and on behalf of others similarly
situated,

                                                OPINION and ORDER

                      Plaintiffs,

                                                08-cv-401-bbc

      v.

BLUEGREEN CORPORATION,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Steven Craig Kelly and Jack Clark have brought this proposed collective action against defendant Bluegreen Corporation, alleging that defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, by willfully misclassifying its sales representatives as "exempt" from the FLSA's overtime and minimum wage requirements and consequently failing to comply with those requirements.  Now plaintiffs have moved for conditional certification of its proposed collective class and for authorization to distribute its proposed notice to potential class members under 29 U.S.C. § 216(b).

      Plaintiffs' motion will be granted, although I will make minor changes to the proposed notice.  Although defendant contends that plaintiffs' evidence is inadequate to establish that

1

they are similarly situated to the proposed class members and cannot support a national class, plaintiffs have made a "modest factual showing" that defendant had a company-wide policy of paying certain sales representatives on commission only and that all sales representatives had the same general job duties.  Because the proposed class is limited to those commission-only sales representatives who allegedly suffered overtime or minimum wage violations, plaintiffs may proceed with the proposed collective action and provide notice to potential class members.

From the affidavits submitted by the parties, I find the following facts to be undisputed for the purpose of deciding plaintiffs' motion.

## UNDISPUTED FACTS

### A.  Defendant's Sales Representatives

Defendant Bluegreen Corporation's "Resorts Division" markets and sells "vacation ownership plans" (presumably defendant's term for what most people call "time shares"). It has sales centers and preview centers for the vacation ownership plans in fourteen states. Sales representatives are primarily responsible for selling vacation ownership plans to potential buyers.  Between July 14, 2005 and December 18, 2008, a subsidiary of defendant has employed more than 5,900 sales representatives at its 30 sales centers spread across the United States.   Each of the sales centers has employed sales representatives on a

2

"commission-only" basis, with a total of at least 3,120 such commission-only sales representatives working throughout the sales centers.

Each sales center is staffed with a director of sales, who is responsible for setting sales representatives' daily and weekly schedules, insuring that sales representatives clock in and clock out each work day, determining whether overtime work is necessary and authorizing sales representatives' requests to work overtime.

### B. Experience of Particular Sales Representatives for Defendant

Plaintiffs Steven Craig Kelly and Jack Clark worked as sales representatives for defendant, plaintiff Kelly at the Wisconsin Dells Resort office and plaintiff Clark at the Atlanta office. At times each worked on a commission-only basis. They had no set time for getting paid and there were times when plaintiffs worked more than 40 hours a week but did not receive overtime compensation.

Plaintiffs' primary duty was to sell vacation ownership plans to prospective buyers. Other job duties included providing on-site resort tours to customers, selling vacation ownership plans to prospective customers (by giving on-site and virtual resort tours to prospective customers), providing information about defendant's vacations, filling out sales-related paperwork, attending sales meetings, discussing tours provided, preparing materials for upcoming sales tours and watching presentations provided by other sales representatives.

3

Sales representatives in other sales centers had experiences similar to plaintiffs'. Jenae M. Brown worked at the Atlanta Preview Center in Georgia; David S. Grow worked at the Hershey Sales Center in Pennsylvania; and David Rhodes, Jr. worked at the Harbor Lights Sales Center in South Carolina. Their job duties were identical to plaintiffs'. All these sales representatives were paid on a commission-only basis at some time during their employment and at some time worked more than 40 hours a week without receiving overtime compensation.

OPINION

A.  Conditional Certification of FLSA Collective Class Action

Plaintiffs seek conditional certification of a collective class action for alleged violations of FLSA's unpaid minimum wage and overtime compensation, 29 U.S.C. §§ 206 and 207. Under 29 U.S.C. § 216(b), such an action may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." As this court has held before, "[a]lthough § 216(b) does not explicitly require the district court to certify a collective action under the FLSA . . . the duty is implicit in the statute and the Federal Rules of Civil Procedure." Spoerle v. Kraft Foods Global, Inc., 253 F.R.D. 434, 438 (W.D. Wis. 2007) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170-171 (1989) and Woods v. New York Life Insurance Co., 686 F.2d 578, 580 (7th Cir. 1982)).

4

Unlike traditional class actions brought under Fed. R. Civ. P. 23, collective actions under § 216(b) require potential class members to "opt-in" to participate in the action. Spoerle, 253 F.R.D. at 438.  In light of this special "opt-in" requirement, courts including this one apply a two-step approach to certifying such actions.  Austin v. Cuna Mutual Insurance Society, 232 F.R.D. 601, 605 (W.D. Wis. 2006) (citing, e.g., Thiessen v. General Electric Capital Corp., 267 F.3d 1095 (10th Cir. 2001)).  At the first step, plaintiffs must make only "a modest factual showing" that they are similarly situated to potential class members.  Austin, 232 F.R.D. at 605 (citations omitted).  If this showing is made, the court conditionally certifies a class and authorizes notice to potential class members and the parties conduct discovery.  Id.  The second step occurs at the close of discovery upon a motion for decertification from the defendant; at this point the court determines whether the plaintiffs are in fact similarly situated to those who have opted in.  Id.

In this case, the parties find themselves at the first stage of the process, with plaintiffs seeking conditional certification of the following class:

> All persons who are or have worked for [defendant] Bluegreen as a sales representative anywhere in the United States at any time [within the past three years] who:
> (a) were paid commissions only for some or all of their employment with Bluegreen, and
> (b) were not paid for all hours worked in excess of 40 hours per week; or
> (c) [were] not paid minimum wage compensation.

5

Plt.'s Proposed Notice, dkt. #26-4, at 3. (Although plaintiffs proposed a slightly narrower class in their complaint, dkt. #1, at ¶ 9, they have suggested new language in their proposed notice, I have used the new language to which defendant does not object.) According to plaintiffs, they are similarly situated to the proposed class of sales representatives because they all had the same job duties and were classified as exempt from FLSA minimum wage and overtime compensation requirements.

First, defendant attacks plaintiffs' original declarations as inadequate to establish two of the basic points necessary for plaintiffs to make the requisite factual showing of similar situation: that other potential class members had the same job duties as the declarants and that *plaintiffs* ever suffered minimum wage violations. In response, plaintiffs have submitted supplemental declarations in which they and Jenae M. Brown declare that they received general job training and generic training manuals regarding the duties of sales representatives and that at times they received less than minimum wage for the work they performed. Although plaintiffs should have included these facts with their original materials, it is appropriate to allow them to submit such evidence before deciding whether to deny their motion for conditional certification. Sjoblom v. Charter Communications, LLC, 2007 WL 4560541, at *11 (W.D. Wis. Dec. 19, 2007) (allowing plaintiffs opportunity to submit additional evidence in support of showing of similar situation). Because defendants have not raised any objections about the submissions or the form or content of plaintiffs' new

6

declarations, I accept them as part of plaintiffs' showing.

In light of these declarations, I am satisfied that plaintiffs have made a "modest factual showing" that the other commission-only sales representatives working for defendant had similar or identical job duties as those performed by plaintiffs and that plaintiffs and the other declarants suffered overtime and minimum wage violations.

However, defendant contends that the evidence is not enough to establish a collective action under § 216(b) because plaintiffs do not show that the minimum wage and overtime violations allegedly suffered by the five declarants werewidespread, pointing out that the declarants' "observations" that other sales representatives suffered overtime pay or minimum wage violations are inadmissible as either lacking foundation or as derived from inadmissible hearsay evidence. Regardless whether defendant is right as to the admissibility of the declarants' statements, plaintiffs were not required to come up with evidence of hundreds of particular minimum wage or overtime violations to make the requisite factual showing in this case.

As I have explained, at this early stage it is enough for plaintiffs to make only a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together *were victims of a common policy or plan that violated the law*." Austin, 232 F.R.D. at 605 (emphasis added) (quoting Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y.2005)). Although defendant cites several cases in which district courts denied

7

motions for conditional certification when the plaintiffs provide nothing more than a handful of affidavits, in none of the cases cited by defendant did the plaintiffs have evidence of a company-wide policy that allegedly violated the FLSA. Adair v. Wisconsin Bell, Inc., 2008 WL 4224360, at *2, *5 (E.D. Wis. Sept. 11, 2008) (defendant established that its company-wide policies were not to blame for any alleged differences between compensable work and pay); West v. Border Foods, Inc., 2006 WL 1892527, at *6 (D. Minn. July 10, 2006) (plaintiffs' evidence of "a common policy or plan" was testimony from six of 240 shift managers that their store managers had required them to work off-the-clock); Rappaport v. Embarq Management Co., 2007 WL 4482581, at *4 (M.D. Fla. Dec. 18, 2007) (only evidence supporting company-wide class were affidavits supporting the position that certain employees in two offices were required by their supervisors to work overtime without recording extra hours); Baum v. Shoney's Inc., 1998 WL 968390 (M.D. Fla. Dec. 3, 1998) (affidavits supporting FLSA violations limited to employees from Orange County, Florida restaurants; no evidence that potential class members "were together the victims of a single decision, policy, or plan."); Flores v. Lifeway Foods, Inc., 289 F.Supp.2d 1042, 1046 (N.D. Ill. 2003) (affidavits from two out of fifty employees that they had not been paid for small amounts of overtime wages fails to amount to even a "modest factual showing" of common policy or plan).

In this case, plaintiffs have adduced evidence that defendant had a company-wide

policy that all class members had the same primary job duties and were paid on a "commission-only" basis. Defendant suggests that plaintiffs' showing is inadequate to establish widespread FLSA violations because defendant's local directors are the ones who schedule work hours and authorize overtime for sales representatives. However, it is reasonable to infer that defendant and its sales directors did not apply FLSA's minimum wage or overtime rules to its "commission-only" sales representatives; "commission-only" means "commission-only." With defendant's local directors making scheduling decisions on "production" and "efficiency" grounds, incidents of representatives earning less than minimum wage or working more than 40 hours are bound to happen. Defendant offers no evidence that its directors would have reasons to schedule commission-only sales representatives' hours in accordance with the minimum wage or overtime requirements of the FLSA when their only apparent form of compensation was commission.

At any rate, the class itself is limited to only those commission-only sales representatives who *did* suffer minimum wage or overtime violations. Thus, to the extent commission-only sales representatives who opt in do not have such violations, they will not be allowed to proceed as plaintiffs in this case.

Next, defendant argues that, to the extent a class may be conditionally certified, it should be geographically limited to those four sales centers where declarants worked, not defendant's other 26 centers. Although defendant cites a slew of district court cases in

9

support of its view that plaintiffs was required to come with more evidence of a widespread violation to warrant certifying a national class, in almost none of the cases do the plaintiffs come forward with evidence that a company-wide policy is behind the alleged FLSA violations. Veerkamp v. U.S. Security Associates, Inc., 2005 WL 775931, at *2 (S.D. Ind. Mar. 15, 2005) (court declined to authorize nationwide notice because violations were against company policy and documentation failed to establish violations in most locations outside of Indiana); Threatt v. Residenrtial CRF, Inc., 2005 WL 4631399, at *4 (N.D. Ind. Aug. 31, 2005) (no national or statewide class allowed to proceed on plaintiffs' five affidavits detailing overtime violations and job descriptions only at single location); Sjoblom, 2007 WL 4560541, at *11 (evidence from two Wisconsin employees not sufficient to establish nationwide practice); Shabazz v. Asurion Insurance Service, 2008 WL 1730318, at *4 (M.D. Tenn. Apr. 10, 2008) (evidence that Nashville call center employees were required to perform job duties before clocking in and after clocking out does not serve as evidence that Houston call center employees were required to do same).

    Again, these cases miss the point; as I have explained, plaintiffs have evidence of a *company-wide* policy that is alleged to have lead to the FLSA violations. Defendant cites one case that supports the view that geographic restrictions may be imposed even when plaintiffs identify a company-wide policy responsible for the alleged FLSA violations, Williams v. Trendwest Resorts, Inc., 2006 WL 3690686 (D. Nev. Dec. 07, 2006). In that case,

10

plaintiffs sought certification of a nationwide class for FLSA violations they alleged arose from a company-wide policy. Plaintiffs provided affidavit testimony of actual violations occurring in certain job locations in Nevada and California, but offered no evidence from any of the defendant's other locations. Id. at *5-6. The magistrate judge recommended that the certified class be limited to employees working in those two states. Id. at *6. However, the magistrate judge did not explain why specific testimony of actual violations in each state would be necessary in light of the company-wide policy or otherwise why the class should not have been limited to only those *locations* for which FLSA violations were supported by affidavit testimony, instead of the states in which they were found. A follow-up report and recommendation in this case on this same issue is just as silent on the matter. Williams v. Trendwest Resorts, Inc., 2007 WL 3343077, at *3 (D. Nev. Oct. 30, 2007) (recommending denial of plaintiffs' request to expand scope of notice because new testimony involved incidents that occurred beyond statute of limitations).

I see no reason to follow Williams. Where an apparent company-wide policy is behind the alleged FLSA violations, the plaintiff seeking certification for a company-wide class action should not be required to collect specific violations from each location or from each state before seeking authorization to provide notice to employees from all locations. In this case, because there appears to be no difference among sales representatives' job description or the applicability of defendant's apparent company-wide policy across the

11

nation, there is no reason to limit the class.

In sum, because I am satisfied that plaintiffs have made an adequate showing that defendant has a company-wide policy exempting commission-only sales representatives from FLSA's overtime and minimum wage violations, I will grant plaintiffs' motion to conditionally certify its proposed nationwide collective action.

### B. Proposed Opt-in Notice

### 1. Content of notice

Plaintiffs ask the court to approve their proposed notice and authorize distribution of the notice by mail to all potential opt-in plaintiffs employed by defendant over the past three years. Defendant raises five objections to plaintiff's proposal. First, defendants objected to plaintiffs' inclusion of a signature line for the court at the end of the notice and to plaintiffs' failure to include the following sentence under the heading "Effect of Joining or Not Joining This Lawsuit": "If you join the lawsuit, you may be required to respond to written questions, sit for a deposition, and testify in court." Dkt. #29-8, at 3. Plaintiffs state in their reply brief that they have no objection to making these two changes.

Next, defendant objects to plaintiffs' statement that defendant "maintains that [the commission-only sales representatives] are exempt from the overtime provisions of the FLSA." Although defendant states that it is concerned that potential class members may not

12

understand the word "exempt," its changes suggest that it would prefer to describe its position more generally as "denying any and all liability, and denying that . . . any . . . sales representative is owed any additional sum of money for minimum wage or overtime compensation." I agree that defendant's position should be stated more generally. Therefore, I will adopt defendant's proposed change to the first full paragraph to page 2 of the notice, dkt. #29-8, at 2, replacing the language plaintiffs proposed. Dkt. #26-4, at 2.

In addition, defendant objects to the language in plaintiffs' notice under "Your Legal Representation if You Join," which states that opt-in plaintiffs "will be agreeing to representation by" plaintiffs' counsel." Defendant contends that the language should state that opt-in plaintiffs "may choose to be represented" by plaintiffs' counsel or "may choose to be represented by any other attorney of your choice," citing Guzman v. VLM, Inc., 2007 WL 2994278, at *7, (E.D.N.Y. Oct. 11, 2007), for the proposition that potential plaintiffs should be aware that they "have a right to have an outside attorney actually represent them." Plaintiffs contend that this language would "confuse the issues" and point out that their counsel "represents every [p]laintiff (named and opt-in)." I agree with plaintiffs that defendant's language would suggest that plaintiffs' counsel were not litigating "for and in behalf of" all opt-in plaintiffs, which is the type of action that § 216(b) allows. Anyone who knows how lawyers work knows that a collective action allowing each opt-in plaintiff to have his or her own lawyer is simply not workable. Potential plaintiffs who want a different

13

lawyer "are free to take action on [their] own" instead of opting into the suit, as the notice already explains.

Finally, defendant seeks to include its counsel's contact information under "Further Information," arguing that potential class members should be told that they may contact defendant's counsel. I agree with plaintiff that such language is both unnecessary and inappropriate.

In sum, plaintiff should delete the signature line for the court at the end of the notice and make the changes requested by defendants related to the "Effect of Joining or Not Joining This Lawsuit" and to defendant's position in this lawsuit. Aside from these changes, I make one additional change: the words "lawsuit" and "action" are used interchangeably throughout the notice. It is clearer to use just one term. Therefore, I will replace the term "action" with the term "lawsuit" where appropriate. No other changes are necessary for the proposed notice to satisfy the requirements of the Fair Labor Standards Act; therefore I will authorize distribution of the modified notice by first class mail. I have attached a copy of the notice to this order. In the event that notification by mail fails to reach certain potential opt-in plaintiffs, plaintiffs can seek additional information from defendant to provide the notice by other means.

14

2. <u>Related issues: discovery</u>

Defendant raises two discovery-related issues in relation to the notice. First, it asks for thirty days instead of ten to compile and produce the list of similarly situated individuals for distribution of the notice. However, defendant does not explain why it needs thirty days to provide the list. Therefore, I will order their disclosure in ten days as plaintiffs request.

Next, defendant objects to plaintiffs' request for disclosure of potential opt-ins' birth dates, social security numbers and phone numbers in light of the fact that it has agreed to provide their basic information: their names, addresses and dates and location of employment. As defendant points out, the basic information should be adequate to provide notice to most potential opt-in plaintiffs and the additional information is very personal. Although notice might be delayed for some of the potential opt-in plaintiffs, I see no reason why plaintiffs must receive all their personal information up front. Although plaintiffs contend that they are entitled to receive all that information as part of the discovery process, I disagree; these potential class members are not yet plaintiffs. Because such information is extremely personal and unnecessary to circulate notice, defendant is not required to provide it just yet. If plaintiffs encounter difficulties providing notice to potential class members because they do not have sufficient information to find them, they may request the more personal information at that time.

As a final matter, defendant does not oppose plaintiffs' request to allow 90 days for

15

potential plaintiffs to file the approved consent forms and opt in to the lawsuit. The time period appears reasonable; therefore, I will set the deadline at 90 days as plaintiffs request.

ORDER

IT IS ORDERED that

1. Plaintiffs' motion for conditional certification of a collective class and judicial notice is GRANTED. Plaintiff is authorized to distribute the attached notice and consent form by first class mail to sales representatives employed by defendant who have been paid commissions at some point over the past three years to allow those sales representatives who meet the following requirements to opt in:

> All persons who are or have worked for defendant as a sales representative anywhere in the United States at any time from February 18, 2006 to the present who:
> (a) were paid commissions only for some or all of their employment with Bluegreen, and
> (b) were not paid for all hours worked in excess of 40 hours per week; or
> (c) were not paid minimum wage compensation.

2. Defendant may have until March 4, 2009 in which to submit to plaintiffs a list, in Microsoft Excel format, of all persons employed by defendant as sales representatives who, for all or part of their employment, were paid commissions only from the present to three years back, including their names, addresses, dates of employment as sales representatives

and locations of employment.

    3. Potential opt-in plaintiffs may file notices of consent until May 18, 2009.

Entered this 20th day of February, 2009.

                          BY THE COURT:

                          /s/

                          _____
                          BARBARA B. CRABB
                          District Judge