UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Steven Craig Kelly and Jack Clark,
individually and on behalf of others
similarly situated,

        Plaintiffs,

v.

Bluegreen Corporation,

        Defendant.

Case No. 08-cv-401

## ORDER GRANTING FINAL APPROVAL OF FLSA SETTLEMENT AND DISMISSING CASE

**WHEREAS**, Plaintiffs Steven Craig Kelly ("Kelly") and Jack Clark ("Clark"), individually and on behalf of others similarly situated (collectively "Plaintiffs"), and Defendant Bluegreen Corporation ("Defendant") (collectively "the Parties") have moved for an order finally approving the terms of settlement in the above-captioned action for minimum wage and overtime compensation arising under the Fair Labor Standards Act of 1938 ("FLSA"), and dismissing the case in its entirety as to all parties, including Kelly, Clark, and all remaining 864 opt-in class members.

**WHEREAS**, having reviewed the Parties' Joint Motion For Final Approval Of FLSA Settlement And Dismissal Of Claims and the exhibits attached thereto ("Joint Motion"), and having reviewed the files, records, and proceedings in this action, the Court finds as follows:

    1.    The settlement was reached through arm's-length bargaining;

    2.    Sufficient investigation, discovery, and motion practice has been completed to enable the Parties, through their counsel, to make educated decisions regarding: (i) the strengths

and weaknesses of their respective positions; and (ii) the reasonableness of the terms of settlement in light of those respective strengths and weaknesses and the cost and risk of proceeding with litigation through trial;

3. The Parties have at all times been represented by counsel familiar with this case and experienced in similar litigation;

4. The Plaintiffs, including all opt-in class members, received a written Notice of Settlement, and were given 45 days to reject the settlement, if desired;

5. The number of opt-in class members who have rejected the settlement, 11, is minimal when compared to the size of the class as a whole, 866 including Kelly and Clark;

6. The terms and conditions of settlement set forth in the Joint Motion and the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute arising under the FLSA, and is in the best interest of the Parties in light of the foregoing, the likelihood of success on the merits, and the inherent risks and costs associated with proceeding with litigation through trial.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. This Order incorporates by reference the definitions in the Settlement Agreement such that all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. Pursuant to the procedures for a collective action under the FLSA, and as otherwise required, this Court hereby **GRANTS FINAL APPROVAL** of the terms of settlement as set forth in the Joint Motion, Settlement Agreement, and the final settlement allocation appended to the Settlement Agreement as Exhibit A.

3. The claims of the 836 opt-ins who returned a *timely* confirmation form accepting

the settlement and the amount allocated to them shall be dismissed with prejudice, and Defendant shall make payment to those individuals, which includes Kelly and Clark, in accordance with Paragraph B.6 of the Settlement Agreement and the final settlement allocation.

4. The claims of the 12 opt-ins who returned an *untimely* confirmation form accepting the settlement, will, pursuant to Defendant's agreement, be treated by Defendant as having submitted the form timely, and Defendant shall make payment to those individuals in accordance with Paragraph B.6 of the Settlement Agreement and the final settlement allocation, provided that the untimely confirmation form was received by Plaintiffs' counsel prior to the date and time that the Parties filed their Joint Motion. The claims of these 12 opt-ins, whose names are set forth at footnote 11 of the Parties' Joint Motion, shall be dismissed with prejudice.

5. The claims of the 11 opt-ins who rejected the settlement shall be dismissed without prejudice, and the statute of limitations shall be tolled for these 11 opt-ins for a period of 30 days from the earlier of: (i) the date Plaintiffs' counsel filed a Notice of Withdrawal of Claim for the rejecting opt-in; or, if no such Notice of Withdrawal of Claim has been filed; (ii) the date of this Order. The names of the 11 rejecting opt-ins are set forth at footnote 12 of the Parties' Joint Motion. The share of the Settlement Amount previously allocated to the 11 rejecting opt-ins will revert to Defendant, thereby reducing the Settlement Amount accordingly.

6. The claims of the 7 opt-ins who did not respond to the Notice of Settlement, despite diligent efforts by Plaintiffs' counsel to secure a response, shall be dismissed with prejudice, with no payment to be made to the 7 opt-ins. Defendant shall make a donation to a charity or charities of Defendant's choice in the aggregate amount allocated to the 7 opt-ins in the final settlement allocation. The names of the 7 non-responding opt-ins are set forth at footnote 13 of the Parties' Joint Motion.

7. The amount allocated to Plaintiffs' counsel for attorneys' fees, costs, and expenses related to settlement administration is reasonable, and Defendant shall make such payment in accordance with Paragraphs B.6(c) and C.2 of the Settlement Agreement.

8. All required settlement payments shall be made within 20 days after issuance of this Order, pursuant to Paragraphs B.6 and C.2 of the Settlement Agreement.

9. The Court approves and adopts the Release of Claims set forth in Paragraph D of the Settlement Agreement. Further, all named Plaintiffs and opt-in class members, with the limited exception of those 11 individuals who rejected the settlement, are hereby enjoined from prosecuting any settled claims against Bluegreen.

10. The Court acknowledges that Defendant at all times denied any and all wrongdoing and liability, and that Defendant agreed to resolve this action solely to avoid the cost of continued litigation.

11. Without affecting the finality of this Order, this Court retains continuing jurisdiction over the Parties and the construction, interpretation, implementation, and enforcement of the Settlement Agreement and over the administration and distribution of settlement benefits.

DATED: October 30, 2009

_Barbara B. Crabb_
Honorable Barbara B. Crabb
United States District Court Judge